IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ALPHINE BRADLEY, on behalf of herself and all others similarly situated, | ] ] ] ] | Civil Action No: |
| Plaintiffs, | ] ] | |
| vs. | ] ] | |
| MED-TRANS CORPORATION, | ] ] | |
| Defendants. | | |

## CLASS ACTION COMPLAINT

1. Plaintiff brings this action individually and on behalf of a class of others similarly situated,[1] against Defendant Med-Trans Corporation. In this case, the Court must address the intersection of the Airline Deregulation Act of 1976's ("ADA") preemption provision, 49 U.S.C. § 41713(b)(1), and Defendant's efforts to collect for emergency helicopter air ambulance transports. Plaintiff and Class Members are patients transported by Defendant in emergent situations where there was no contractual relationship and no agreement with respect to the transport. Thus, Plaintiffs and the Class Members obligation to pay, if any, arises solely out of state common law in South Carolina.

## INTRODUCTION

2. Plaintiff brings this proposed class action on behalf of herself and all others similarly situated, charged by Defendants for the transportation of patients by air ambulance. For individuals like Plaintiff, first responders or medical personnel generally determine whether a patient needs emergency helicopter transport. The transportation is often arranged, and patients

---

[1] For simplicity, rather than reciting "and the Class" each time Plaintiff are mentioned, this pleading will refer to Plaintiff. Such usage includes the class Plaintiff seeks to represent.

are transported, without their knowledge or express or informed consent, or under the duress of life-threatening or other serious medical conditions that require immediate treatment at a hospital. Given the dire circumstances, express or informed consent or negotiation of essential terms is difficult, if not impossible, because the patient is either unconscious or otherwise incapable of giving meaningful express or informed consent.

3. Defendant bills Plaintiff and Class Members amounts that vastly exceeds both the cost to provide the transport and the fair market value of the transport.

4. Defendant's legal position is simple: under the Airline Deregulation Act they are vested with plenary power to set whatever price they choose for transportation of patients *in extremis* who have no opportunity to decide whether they want or need transportation, and this Court, and all other courts, are powerless to decide issues related to the arbitrary and inflated prices imposed after-the-fact by Defendants.

5. After the transportation is complete, Defendant sends a statement for the transportation showing a "base rate" and a "mileage" charge (collectively "charged amount") and demand payment from Plaintiffs. The rate that will be charged by Defendant for the "base charge" and "mileage" is known to Defendant prior the transportation, but it is not published on its web site or otherwise disclosed to Plaintiff and Class Members. Even in instances where a family member, or even less frequently, a coherent patient themselves, signs a document with Defendant before a transport, that document does not disclose the prices to be charged. The refusal by Defendant to disclose prices is consistent with its longstanding argument that its pricing is some sort of trade secret. However, Defendant ultimately does publicly disclose its pricing to Plaintiffs in their billing statement. Nevertheless, Defendant refuses to disclose its pricing information to prospective transport patients.

6. Many, if not most, of the persons transported by Defendant are incapable of entering a contract: they are unconscious, in severe distress, or they are medicated. Plaintiffs who did not enter into express contracts fall into a quirky corner of the legal universe affected by the

ADA. For individuals without a signed written contract, there is no way for Defendant to establish any right to collect its exorbitant fees for a breach of contract.

7. The Class will include the patient transported, the legal custodian of the patient (in the case of spouses or minor or mentally disabled patients), the estate of a deceased patient, or any person or entity from whom Defendant has demanded payment for helicopter ambulance transport of themselves or another. It is expected that for each transport, there will be only one class member, though for married couples, it may be both the transported person and their spouse.

8. The price comprising the charged amount was not disclosed to the Plaintiff or the Class by Defendant, nor is the price charged agreed to or negotiated by Defendant and the persons charged prior to transportation of the patient.

9. In this action, Plaintiff, on behalf of herself and the Class Members, seeks a declaration with respect to Plaintiff's legal obligation, if any, with respect to payment to Defendant of the prices charged for the transportation services provided and for the Court to determine the unspecified price term. For those without signed written contracts prior to transport, Plaintiff asks the Court to find that no obligation to pay can exist given preemption analysis under the ADA. For those with signed authorizations or contracts, Plaintiff asks the Court to find that the absence of a price term fails to establish the existence of a contract unless common law with respect to an implied contract supplies a reasonable price term. Thus, ADA preemption still does not permit Defendant to collect from Plaintiff with a signed authorization absent an exception to ADA preemption under Plaintiff's second cause of action.

10. The ADA, 49 U.S.C. § 41713(b)(1) provides:

> [A] State, political subdivision of a State…may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

11. Defendant sends a statement for the charged amount to the Plaintiff and demands payments for prices that the Plaintiffs and Class never agreed to pay. On information and belief, in the absence of payment, Defendant initiates collections, reports the amount charged as an unpaid

bill to credit reporting agencies, engages in collection efforts, seeks to enforce liens, and initiates lawsuits in state courts, or seeks to enforce state law related to the price or services they provide. Defendant demands payment, initiates collection efforts, and threatens suit in state court for judgments based upon prices never disclosed and agreed upon for the services provided by the Defendant in spite of the fact that Defendants knew, prior to the transportation, the prices they would charge.

12. Defendant has the option to negotiate an agreed rate with Plaintiffs' insurers. However, Defendant has traditionally failed or refused to enter such negotiations preferring, instead, to impose charges unilaterally after the Plaintiff and Class Members already had been transported.

## PARTIES

13. Defendant Med-Trans Corporation is incorporated under the laws of North Dakota with a principal place of business in Texas.

14. Plaintiff Alphine Bradley resides in Lee County, South Carolina. Documents related to Bradley's claims are attached as Exhibit 1.

    a. On February 8, 2020, Defendant transported Plaintiff Bradley from a small airport in Bishopville, South Carolina to Prisma Health in Columbia, South Carolina.

    b. Following the transport, Defendant billed Plaintiff Bradley $43,462.00.

    c. Blue Cross, Plaintiff's insurer, paid Defendant $30,750.00.

    d. Defendant continues to balance bill Plaintiff for the remaining $12,712.00.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction pursuant to 28 U.S.C § 1331. Further, the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.00 and is a class action in which Plaintiffs and members of the Class are citizens of states different from Defendant.

16. This Court has personal jurisdiction over Defendant because it is authorized to do business and is conducting business throughout the United States, including South Carolina; it has sufficient minimum contacts with the various states of the United States, and the State of South Carolina; and/or sufficiently avails itself of the markets of the various states of the United States, including South Carolina, to render proper the exercise of jurisdiction by this Court.

17. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts or omissions complained of occurred in this District.

18. Venue is also proper because: (a) Defendant is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District; (b) does substantial business in this District; and (c) is subject to personal jurisdiction in this District.

## CLASS ACTION ALLEGATIONS

19. This action is brought and may be maintained as a class action pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(1), (b)(2) and (b)(3) are met with respect to the Class defined as follows:

> All persons billed by Defendant, or who paid a bill from Defendant, for air medical transport that Defendant carried out from a location in South Carolina without a contract signed by Plaintiff or their agent, prior to transport.
>
> Excluded from both Classes are Defendant, any entity in which Defendant has a controlling interest or which have a controlling interest of Defendant, and Defendant's legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

20. Plaintiff expects to seek certification of the Class under Rules 23(b) (1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

21. The Classes will include only persons having viable claims under the applicable statute of limitation.

22. Rule 23 permits Plaintiffs the right to redefine the Classes prior to class certification.

23. The members of the Classes are so numerous that joinder of all members is impracticable. The exact number of Class Members is unknown as such information is in the exclusive control of Defendant. However, due to the nature of the trade and commerce involved, Plaintiffs believe the Proposed Classes consists of thousands of Class Members.

24. Common questions of law and fact affect the rights of each Class Member and a common relief by way of declaratory judgment and injunction, including at least the following:

   a. Did the Defendant have a fixed mileage price and "helicopter rotor base" price for the transportation before Plaintiff and Class Members were transported?

   b. Did Defendant communicate its fixed mileage price and "helicopter rotor base" price for the transportation to Plaintiffs, actually or constructively, before the patients were transported?

   c. Did Defendant demand payment of a fixed mileage price and "helicopter rotor base" price for the transportation of patients when the mileage and helicopter rotor base prices sought had not been expressly agreed to by Plaintiff?

   d. What voluntary undertakings did Defendant accept regarding transportation of Plaintiff?

   e. Is there any basis for Defendant to recover its billed fees other than via state law claims for express signed contract?

   f. Whether the Court should grant injunctive relief to Plaintiffs who do not have a signed contract with Defendant to prevent the all further collection efforts by Defendant?

   g. Whether Class Members who paid or had a third party payor pay some or all of the charges be granted restitutionary relief for payment where there is no obligation to pay?

   h. Whether Defendant should be enjoined from seeking to collect amounts not agreed to by the parties.

   i. Whether Defendant is entitled to any payment from Plaintiffs and, if so, the proper mechanism to determine the amount owed?

3:20-cv-02679-SAL     Date Filed 07/20/20     Entry Number 1     Page 6 of 13

25. The claims and defenses of the Plaintiff are typical of the claims and defenses of the Classes. Defendant sought to collect an alleged debt for which it has no valid basis for collection since any efforts to impose a price by any court would be preempted under the ADA.

26. The named Plaintiff will fairly and adequately assert and protect the interests of the Classes. Specifically, they have hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Classes. Neither the named Plaintiff nor putative class counsel have a conflict of interest that will interfere with the maintenance of this class action.

27. A class action provides a fair and efficient method for the adjudication of this controversy for the following reasons:

    a. The Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;

    b. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendant when confronted with incompatible standards of conduct;

    c. Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests; and

    d. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

    e. There are no unusual legal or factual issues which would create manageability problems; and

    f. Class adjudication is superior to individual adjudication of the claims at issue in this case.

## CAUSES OF ACTION

### For a First Cause of Action

### Injunctive and Declaratory Relief Pursuant to 28 U.S.C. § 2201

28. Plaintiff incorporates the previous paragraphs outside of this Count as though set forth herein.

29. 28 U.S.C §2201 provides as follows:

In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

30. Prior to the provision of services, no negotiation of contract terms regarding the price of Defendant's transportation services took place and Plaintiff, the Class and Defendant did not enter into an express agreement on the price Defendant would charge, and the Plaintiff/Class would pay for transport services.

31. In all instances, Defendant seeks assistance from the Plaintiff and Class Members to obtain third-party payment for the charged amounts.

32. If there is no third-party payment or that payment is less than the charged amounts, Defendant demands payment ("balance bills"), threaten adverse consequences, and initiate detrimental collection efforts against Class Members.

33. In the event Plaintiff and Class Members do not pay Defendant the charged amounts, Defendant threatens collection, reports the unpaid charged amount as bad debt to credit reporting agencies, accrues interest and fees, and ultimately may file suit in state court or claims in bankruptcy for the amounts charged to coerce Plaintiff and Class Members to make payments that they do not owe, and Defendant cannot legally collect.

34. Plaintiff and Class Members seek injunctive and declaratory relief for the purposes of determining questions of actual controversy between the Plaintiff, the Class and Defendant.

35. Defendant has acted in a uniform manner in failing to disclose and negotiate the price they would charge for transportation services before rendering services, balance billing the

Plaintiff and Class Members in the event the charged amounts are not paid, and engaging in collection efforts.

36.     Defendant has acted or refused to act on grounds that apply generally to Plaintiffs such that declaratory relief to determine whether Defendant and Plaintiff, have an enforceable agreement, the enforcement of which is not preempted by the ADA, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23.

37.     Defendant has demanded payment of the charged amounts from the Plaintiff and Class Members and has threatened or initiated collection efforts against the Plaintiff and Class Members.

38.     There is an actual dispute and controversy between Plaintiff, and Defendant as to whether Defendant can demand payment for services concerning which no express price was agreed, can engage in collection efforts where no legally enforceable contract exists, can impose interest and costs of collection on Plaintiff, and whether any attempt by Defendant to collect the amounts charged under the circumstances is prohibited by the preemption provisions of the ADA.

39.     Plaintiffs have no adequate remedy at law.

40.     Plaintiffs seeks declarations to determine the rights of the Class Members, in particular:

   a.  The Court finds that Defendant chose not to enter into any express and informed contract for Plaintiff to disclose prices charged by Defendant for the transportation services they provided;

   b.  If the Court finds that the parties did not voluntarily undertake to have the Court set the price, then the Court should find that the ADA, 49 U.S.C. § 41713 preempts Defendant from seeking judicial enforcement or judgment against Plaintiff where Defendant and the Plaintiff, did not agree to pay the prices charged prior to the transportation of patients because such action by a court would impose terms on the parties that they did not voluntarily undertake;

   c.  The Court finds that Defendant has no legal enforceable right to collect the prices charged in court proceedings, or other collection efforts, and Plaintiff, have no obligation to pay Defendant the prices charged.

41. Plaintiff further seeks a prospective order from the Court requiring Defendant to: (1) cease charging for the transporting of patients without an express agreement or full disclosure as to the rates for mileage and helicopter rotor base.

42. Plaintiff and the Proposed Class seek the disgorgement by Defendant of all sums collected by the Defendant from third-party payors who Defendant did not have a preferred provider contract with, who have paid any amounts charged by the Defendant and other relief as set forth in the prayer below.

43. Defendant's collection efforts damage the credit or financial health of Plaintiff and Class Members, cause them to incur legal fees and litigation expenses, impede their ability to resolve personal injury claims, force them to consider filing or file bankruptcy, and expose Plaintiff to claims for unlawful rates, interest on unpaid Defendant's charges and vexing and harassing collection efforts. As a result of Defendant's practices as described above, Plaintiff and Class Members have suffered, and will continue to suffer, irreparable harm and injury.

44. Accordingly, Plaintiff and Class Members respectfully ask the Court to enter a permanent injunction ordering Defendant to cease and desist their practice of charging Plaintiff for transporting patients in any amount greater than the reasonable amount set by the Court.

## For a Second Cause of Action

### Breach of Implied Contract—Plead in the Alternative

45. Plaintiffs repeat and re-allege paragraphs 1-27 outside of this Count as if fully restated herein.

46. Prior to the receipt of services, no negotiation of contract terms took place and Plaintiff and Defendant did not enter into either a written or oral agreement on the essential terms of any contract, particularly the price Defendant charged for transport services.

47. Prior to sending Plaintiff and members of the class a bill, Defendant never disclosed the rates it charges for its services. As these agreements contained an undefined price term they constituted an implied contract and Defendant was obligated to charge the fair and reasonable value of the services and materials it provided to Plaintiff and each member of the class.

48. Instead of charging Plaintiff and members of the Class the fair and reasonable value of its services and materials Defendant breached the implied contracts, including the implied covenant of good faith and fair dealing, by charging inflated prices that bear no reasonable relationship to the services rendered.

49. By any measure, the prices Defendant charged Plaintiff and members of the Class for transportation services were unreasonable. These prices far exceed the amounts paid by third-party payors, including the "uniform, customary, and reasonable" amount paid by health insurance companies and the amount paid by Medicare and Medicaid for the same services.

50. Defendants argue that the Airline Deregulation Act permits them to charge any rate with no constraints under state law. In doing so, Defendant contends that it can use state law to enforce a contractual obligation on Plaintiff, that is an implied contract, but that the implied contract cannot imply the missing price term because of the Airline Deregulation Act. This "have your cake and eat it too" approach has been rejected by the Supreme Court in *Dan's City Used Cars v. Pelkey*, 569 U.S. 251 (2013). To the extent the ADA does not envision an implied contract in an emergent medical situation where there is no free market, this Court should grant declaratory relief under Plaintiff's first cause of action that Plaintiffs have no obligation to pay or create a similar exception to preemption under the ADA similar to *Dan's City Used Cars.*

51. As a result of Defendants' breach of the implied contracts, Plaintiff and members of the Class have incurred damages in the amount of the overcharges levied by Defendant. Plaintiff

and members of the Class are therefore entitled to actual damages, pre-judgment interest, and such other relief as set forth in the prayer below.

## **PRAYER FOR RELIEF**

**THEREFORE**, Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

a) Entering an order certifying the Classes (and subclasses, if applicable), designating Plaintiff as the class representative, and designating the undersigned as class counsel;

b) Awarding consequential damages;

c) Awarding Plaintiff all costs and disbursements, including attorneys' fees, experts' fees, and other class action related expenses;

d) Imposing a constructive trust, where appropriate, on amounts wrongfully collected from Plaintiff pending resolution of their claims herein;

e) Issuing appropriate declaratory and injunctive relief to declare the rights of Plaintiff including, but not limited to a declaration that, absent a signed agreement, Defendant is precluded from collecting anything from transported patients;

f) Finding that Defendant has breached an implied contract and granting damages;

g) Awarding pre-judgment and post-judgment interest; and

h) Granting such further relief as the law allows and the Court deems just.

DATED this 20th day of July, 2020.

s/ Mario A. Pacella
Strom Law Firm, LLC
J. Preston "Pete" Strom, Jr. (Fed Id # 4354)
Mario A. Pacella, (Fed Id. # 7538)
6923 N. Trenholm Road, Suite 200
Columbia, South Carolina 29206
Tel:  (803) 252-4800
Fax: (803) 252-4801
petestrom@stromlaw.com
mpacella@stromlaw.com

HOPKINS LAW FIRM, LLC
William E. Hopkins, Jr.
Fed. I.D. No. 6705
J. Clay Hopkins
Fed. I.D. No. 12147
12019 Ocean Highway
Pawleys Island, SC 29585
Tel: 843-314-4202
Fax: 843-314-9365
bill@hopkinsfirm.com
clay@hopkinsfirm.com